UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 09-21977-CIV-JORDAN

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) |
| Plaintiff | ) ) |
| vs. | ) ) |
| KEVIN ACORD, et al., | ) ) |
| Defendants | ) ) |
| _____ | ) |

**ORDER ON MOTION FOR RECONSIDERATION**

For the reasons stated below, Mr. Borrell's motion for reconsideration [D.E. 58] of the order denying the motion to dismiss [D.E. 50] is DENIED.

Reconsideration is warranted only where the movant demonstrates an intervening change in controlling law, newly discovered evidence, or a need to correct a clear error or manifest injustice. *See, e.g., Z.K. Marine, Inc., v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). Mr. Borrell has not shown that reconsideration is warranted under this standard.

First, the complaint alleges that Mr. Borrell vacationed and socialized with his close friend, Neff Director Jose Mas, during the "height of the acquisition negotiations" and purchased over 300,000 shares of Neff stock in a series of unusual trades in the days following these contacts. These facts, if true, support a reasonable inference that Mr. Borrell obtained non-public information from Mr. Mas and, therefore, sufficiently allege that Mr. Borrell misappropriated non-public information from Mr. Mas. *See SEC v. Alexander*, 160 F. Supp. 2d 642, 649 (S.D.N.Y. 2001) ("In cases involving insider trading . . . where the specific facts are 'peculiarly within the knowledge of defendants,' the application of Rule 9(b) is "relaxed" to allow circumstantial evidence to plead the specific content and circumstances of insider tips."). *See also SEC v. Ginsburg*, 362 F.3d 1292, 1298 (11th Cir. 2004) (stating that insider trading need only be proved by circumstantial evidence); *United States v. Larrabee*, 240 F.3d 18, 21-22 (1st Cir. 2001) (finding circumstantial evidence of misappropriation includes "(1) access to information; (2) relationship between the tipper and the

tippee; (3) timing of contact between the tipper and the tippee; (4) timing of the trades; [and the] (5) pattern of the trades").

In addition, Mr. Borrell's argument regarding *SEC v. Cuban*, 634 F. Supp. 2d 713 (N.D. Tex. 2009), was rejected in the prior order [D.E. 50 at 5 n.1] and does not provide a basis for reconsideration now. Finally, Mr. Borrell's "newly proffered evidence," including deposition testimony obtained during discovery, does not provide a basis for reconsideration because such evidence is inappropriate to consider at the motion to dismiss stage. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court's review on a motion to dismiss is 'limited to the four corners of the complaint.'") (citation omitted).  Mr. Borrell is free to file a motion for summary judgment.

For the reasons stated above, the motion for reconsideration and motion for oral argument are DENIED [D.E. 58, 60].

DONE and ORDERED in chambers in Miami, Florida, this 23rd day of February, 2010.

_____
Adalberto Jordan
United States District Judge

Copy to:       All counsel of record