IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 09-21977-CIV-JORDAN/MCALILEY

SECURITIES AND EXCHANGE )
COMMISSION )
    )
       Plaintiff, )
v. )
    )
KEVAN D. ACORD, )
PHILIP C. GROWNEY, )
ALBERTO J. PEREZ, )
JOSE G. PEREZ, )
SEBASTIAN DE LA MAZA, AND )
THOMAS L. BORELL )
    )
       Defendants. )

## DEFENDANTS KEVAN D. ACORD AND PHILIP C. GROWNEY'S VERIFIED MOTION FOR EXPERT WITNESS FEES

Defendants Kevan D. Acord and Philip C. Growney move this Court to issue an Order requiring the Securities and Exchange Commission to pay the deposition expert witness fees of defendants' expert witnesses Vern Cushenbery, Jerry Perfect, and John Cowling pursuant to Fed. R. Civ. P. 26(b)(4)(C). In support of this motion, Acord and Growney state as follows:

### FACTUAL BACKGROUND

On June 11, 2010, Defendants Kevan D. Acord and Philip C. Growney provided to SEC their expert witness disclosures, which enclosed the qualifications and reports of defendants experts. The experts disclosed were Vern Cushenbery, an investment advisor and certified public accountant, Jerry Perfect, a wealth manager and investment broker, and John Cowling, a computer forensics expert. On July 28, 2011, the SEC noticed the depositions of Cushenbery, Perfect, and Cowling. At the office of counsel for Acord and Growney in Kansas City, Missouri,

counsel for SEC took the depositions of John Cowling on August 24, 2010, Jerry Perfect on August 26, 2010, and Vern Cushenbery on September 1, 2010.

Before the depositions occurred, there was discussion regarding expert fees and how they would be paid. Thomas M. Bradshaw, lead attorney for Acord and Growney, made an agreement with Scott Masel, then lead attorney for the SEC, whereby each party would bear its experts' travel costs for the depositions of SEC expert Kenneth Collier, who was traveling to Miami from his office in Tampa, Florida for his deposition, and Defendants' expert John Cowling, who would travel to Kansas City from his office in St. Louis, Missouri for his deposition. A July 29, 2010 email from Jennifer Herrick, paralegal for defendants' counsel to Scott Masel, attorney for the SEC, discusses this agreement. *See,* Exhibit A, attached. There was no agreement, as SEC later contended, that each party would pay its own experts' hourly rate fees for depositions.

The deposition fee for Jerry Perfect was $750.00, at an hourly rate of $250 (see, Exhibit B, Perfect Invoice); the deposition fee of John Cowling was $1760.00, at an hourly rate of $440 (see, Exhibit C, Cowling Invoice); and, the fee for Vern Cushenbery's deposition was $600, at an hourly rate of $200 (see, Exhibit D, Cushenbery Invoice). The total deposition fees for Acord and Growney's experts John Cowling, Jerry Perfect and Vern Cushenbery is $3,110.

The dispute over the deposition fees of the defendants' experts arose in February 2011, when counsel for Acord and Growney contacted SEC attorney Robert Levenson to inquire about an unpaid invoice for the deposition fees of Jerry Perfect. *See,* Kirra Jones February 3, 2011 E-Mail to Levenson, Exhibit E. Levenson responded that there existed no agreement between the parties for the "cross-payment" of expert witness deposition fees, and that SEC attorney Scott Masel remembered discussing the parties bearing their own expert witness deposition fees and

expenses. Levenson also argued that no basis existed to bill the SEC for Defendants' deposition expenses because the case had been resolved, and no discussion of the fees had occurred in settlement negotiations. *See,* February 4, 2011 Levenson E-Mail, Exhibit F.

On March 10, 2011, Thomas M. Bradshaw sent a letter to Levenson, reminding him that Fed. R. Civ. P. 26(b)(4)(C) formed the basis for the SEC's legal obligation to pay Acord and Growney's experts' fees; that the agreement for the SEC to pay fees arising out of Rule 26(b)(4)(C) had been made in advance of settlement; and informing him that there was no agreement to produce Cushenbery, Cowling and Perfect "free-of-charge, in exchange for Kenneth Collier's travel expenses or deposition time being paid by SEC." *See*, Exhibit G. Levenson responded on March 15, 2011, again citing Masel's recollection of a telephone conversation with Defendants' counsel Kirra Jones, which he alleged absolved the SEC of any obligation to pay the expert fees arising from the depositions of Cushenbery, Cowling, and Perfect. Additionally, Levenson asserted that since there was no determination that any of Defendants' experts were properly qualified under *Daubert* standards, there was no basis for payment of their expert fees. *See*, Exhibit H.

On March 25, 2011, Mr. Bradshaw wrote a second letter to Levenson, wherein he repeated that the only agreement between counsel was for each party to bear its own expert travel expense. Bradshaw also stated that there was no telephone conversation in which Jones agreed to an unreasonable arrangement for Acord and Growney to pay expert fees for three experts, which totaled over $3,000, in exchange for SEC's payment of its sole expert, which could not have exceeded $660. Bradshaw further stated that the SEC did not make a *Daubert* challenge with regard to any of defendants' experts, nor did Rule 26(b)(4)(C) require a *Daubert* hearing in advance of expert fees being paid. *See,* March 25, 2011 Bradshaw Letter, Exhibit I.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(4)(A) permits the deposition of any person who has been identified as an expert witness. Federal Rule of Civil Procedure 26(b)(4)(E) provides that, unless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A). The fundamental purpose of Rule 26(b)(4)(E) is fairness. The Federal Rules Advisory Committee stated, in its Note on Rule 26, that it is "unfair to permit one side to obtain without cost the benefit of an expert's work for which the other side has paid, often a substantial sum." Fed. R. Civ. P. 26 Advisory Committee's Note[1].

Jerry Perfect is the President of Gateway Wealth Management, and a certified fund specialist with extensive training and experience with a major Wall Street brokerage firm. Mr. Perfect holds FINRA Series 3 (Commodities), Series 63 (Uniform Securities Exam), Series 7 (general securities), Series 24 (Registered Securities Principal) and Series 65 (Uniform Investment Adviser) securities registrations through Commonwealth. He has earned the designation of Certified Fund Specialist (CFS). Jerry has also served as chairman of the Investment Policy Steering Committee for Legacy Financial Group, leading the investment production for 75 registered investment representatives. He is currently a Registered Representative and Investment Adviser Representative of Commonwealth Financial Network®, Member FINRA/SIPC, a Registered Investment Adviser. *See*, Jerry Perfect Bio, Exhibit J. Mr. Perfect testified as to: 1) whether Mr. Growney's investment in the purchase of shares of Neff Corp common stock in March 2005 was consistent with his prior pattern of investing and 2) whether Mr. Growney's investment in the purchase of Neff Corp common stock evidenced a

---

[1] The Advisory Committee Note addresses the cost-shifting Rule as Rule 26(b)(4)(C), because the amendment to Rule 26(b)(4) which took effect on Dec. 1, 2010 renumbered Rule 26(b)(4)(C) as its current number Rule 26(b)(4)(E).

{40001 / 70001; 343030.}  4

purchase of Neff stock based upon inside information that Odyssey Investment Partners, LLC had entered into an agreement to purchase all of Neff stock at a price of $8.19 - $8.27 per share pursuant to the Recapitalization Agreement. *See,* Report of Jerry Perfect, Exhibit K.

John Cowling is a litigation partner in the law firm of Armstrong Teasdale, LLP, in St. Louis, Missouri. He is the President of a legal technology and litigation support company Lawgical Choice, which provides services to law firms and legal departments. This company is owned by Armstrong Teasdale, LLP. One of the many services that Lawgical Choice performs is computer forensics. Cowling examined the computer server, which operated the computer system for Kevan D. Acord, P.A. in 2004 and the first quarter of 2005 and provided an opinion as to the time period during which Mr. Acord created an analysis of the value of Neff common stock on an Excel spreadsheet, which was a central piece of evidence in the defense of Acord and Growney. The defense was that the purchases of Neff stock by Acord and Growney were based on this analysis rather than inside information. *See,* John Cowling Resume and Report, Exhibit L.

Vern Cushenbery is a Chartered Financial Analyst, a Registered Investment Advisor, and a Certified Public Accountant, and has more than 12 years experience in portfolio management, fundamental valuation of public companies, merger and acquisition analysis, private deal analysis and consulting. As a professional portfolio manager he has extensively researched many different industries including energy, materials, industrials, consumer discretionary, consumer staples, healthcare, financials, information technology and telecommunications. As a Chartered Financial Analyst (CFA), Mr. Cushenbery is recognized as having achieved one of the investment management industry's highest designations requiring over 900 hours of study in the fields of securities valuation, financial statement analysis, budgeting, forecasting, accounting,

economic analysis and ethics among others. As a portfolio manager he routinely values publicly traded equities and bonds on behalf of clients. In this case, Mr. Cushenbery provided: 1) an evaluation of Neff Corp. for investment as of March, 2005; 2) an explanation of the investment analysis of Neff stock performed by Kevan Acord in early 2005; 3) an explanation of the tax advantages for long-term holding of investments; 4) an explanation of the provisions in the Odyssey – Neff acquisition documents which required all shareholders to sell their shares of Neff stock to Odyssey at a set dollar amount per share; and 5) an explanation of the limit order used by Mr. Acord and Mr. Growney and timeline showing the dates the orders were placed and filled for Mr. Acord and Mr. Phil Growney. *See,* Report and Resume of Vern Cushenbery, Exhibit M.

Each of Defendants experts' hourly fees were based upon his extensive education and experience in his respective field, and also based on the amount that he charges clients outside of this litigation.

WHEREFORE, Defendants Acord and Growney respectfully move this Court for an Order requiring the Securities and Exchange Commission to pay the expert witness fees of defendants' expert witnesses Vern Cushenbery, Jerry Perfect, and John Cowling pursuant to Fed. R. Civ. P. 26(b)(4)(C), and for any other such relief as the Court deems appropriate.

## VERIFICATION

STATE OF MISSOURI    )
                                         ) ss.
COUNTY OF JACKSON  )

BEFORE ME, the undersigned authority, personally appeared Thomas M. Bradshaw being duly sworn, and stated that, based upon his own knowledge and belief, under penalty of perjury, the factual matters alleged in Defendants Kevan D. Acord and Philip Growney's Verified Motion for Expert Witness Fees pertaining to his conversations and correspondence with SEC regarding expert witness fees (as set forth in the "Factual Background" section of the Motion) are true and correct.

_____
Thomas M. Bradshaw

Sworn to before me on the 27th day of May, 2011, to certify which witness my hand and official seal.

_____
Notary Public

My Commission Expires:

KELLY A GENTRY
Notary Public - Notary Seal
State of Missouri
Commissioned for Clay County
My Commission Expires: August 14, 2011
Commission Number: 07446384

{40001 / 70001; 346579.}

## **VERIFICATION**

STATE OF MISSOURI )
) ss.
COUNTY OF JACKSON )

BEFORE ME, the undersigned authority, personally appeared Kirra N. Jones being duly sworn, and stated that, based upon her own knowledge and belief, under penalty of perjury, the factual matters alleged in Defendants Kevan D. Acord and Philip Growney's Verified Motion for Expert Witness Fees pertaining to her conversations and correspondence with SEC regarding expert witness fees (as set forth in the "Factual Background" section of the Motion) are true and correct.

_____
Kirra N. Jones

Sworn to before me on the ___ day of _____, 2011, to certify which witness my hand and official seal.

_____
Notary Public

My Commission Expires:

```
KELLY A GENTRY
Notary Public - Notary Seal
State of Missouri
Commissioned for Clay County
My Commission Expires: August 14, 2011
Commission Number: 07446384
```

{40001 / 70001; 346580.}

### Rule 7.1.A.3 Certificate of Good Faith Conference

Counsel for Acord and Growney conferred with counsel for the SEC through the letters outlined in the motion above, and on March 25, 2011, via letter, counsel for Acord and Growney informed counsel for the SEC of their intent to take this matter up with the Court. The parties are unable to resolve this matter without the intervention of the Court.

Respectfully submitted,

| | |
|---|---|
| WHITE GOSS BOWERS MARCH SCHULTE & WEISENFELS, a Professional Corporation | SQUIRE, SANDERS & DEMPSEY L.L.P.<br>200 S. Biscayne Boulevard<br>Suite 4100<br>Miami, FL 33131<br>Telephone:   (305) 577-7000<br>Facsimile:   (305) 577-7001 |
| Thomas M. Bradshaw<br>Kansas Bar No. 16867<br>Missouri Bar No. 20411<br>Kirra Jones<br>Missouri Bar No. 60161<br>4510 Belleview Ave., Suite 300<br>Kansas City, MO 64111<br>Telephone:   (816) 753-9200<br>Facsimile:   (816) 753-9201<br>E-mail:tbradshaw@whitegoss.com | By:/s/ *Jason Daniel Joffe*<br>   Rebekah J. Poston<br>   Florida Bar No. 183355<br>   Jason Daniel Joffe<br>   Florida Bar No. 0013564 |

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Jason Daniel Joffe*