UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-21977-MCALILEY
[Consent Case]

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

KEVAN ACORD, PHILIP GROWNEY, *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR EXPERT WITNESS FEES

The Court has before it Defendants' Kevan Acord's and Philip Growney's (collectively, "Defendants"), Motion for Expert Witness Fees [DE 229]. For the reasons given below, Defendants' motion is granted.

### I. BACKGROUND

During the course of this Securities and Exchange Commission ("SEC") enforcement action, Defendants provided expert witness disclosures to the SEC from three defense experts: Vern Cushenbery, an investment advisor, Jerry Perfect, a wealth manager, and John Cowling, a computer forensics expert. For its part, the SEC had one expert, Kenneth Collier. Counsel for the SEC and Defendants exchanged various telephone calls and emails to schedule the depositions of the expert witnesses. The SEC deposed Defendants' three experts, and Defendants deposed the SEC's expert. One of the Defendants' experts

(Crowling) and the SEC's expert (Collier) had to travel to their depositions. The SEC has not paid the Defendants' experts for the time spent in deposition, and Defendants ask the Court to compel the SEC to do so.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(4)(a) permits the deposition of any person who has been identified as an expert witness. Rule 26(b)(4)(E) provides that unless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for the time spent responding to discovery. As one court explained, "[t]he purpose of the rule is to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement," and further, "[t]he language of the rule is mandatory." *United States v. Twin Falls*, 806 F.2d 862, 879 (9th Cir. 1986) (citing 4 J. Moore, J. Lucas, & G. Grotheer, Jr., Moore's Federal Practice , para. 26.66[5] (2d ed. 1984)).

## II. ANALYSIS

The SEC maintains that it should not have pay Defendants' expert witness fees for three reasons: (1) the parties agreed that they would pay the costs of their own experts; (2) a final settlement of this matter was reached at mediation, and Defendants did not raise the issue of expert witness fees at that time; and (3) two of Defendants' experts were not qualified to render expert opinions. I address each argument in turn.

First, the SEC contends that the parties agreed that each side would pay the deposition expenses for their own experts. The SEC has provided a sworn declaration of Scott Masel, who was litigation counsel for the SEC at the time the depositions were taken. [DE 263-1 at p. 2-3]. Masel states that it was his understanding that counsel agreed that each side would pay the expenses of their own experts. [*Id.*]. Counsel for Defendants also provided their sworn statement that they understood the parties to agree to pay only for the travel expenses of their own experts. [*See* DE 229].

These competing sworn statements leave me with the impression that none of the counsel are being disingenuous; rather, it appears that they each left with a different understanding of their agreement. Logic does support the Defendants' understanding: given the mandatory nature of Rule 26(b)(4)(E), it would make little sense for Defendants to have agreed to pay for their own three expert witnesses, with the SEC having only to pay for its one expert. The record suggests no reason why Defendants would agree to bear a disproportionate expense for experts. Moreover, the email communications between the parties, both before and after the depositions were taken, reference only an agreement as to travel expenses; no more than that.[1] Accordingly, on this record, I find that the parties did not agree to bear all of their own expert witness fees.

The SEC next claims that the parties resolved all outstanding issues during mediation, at which Defendants never raised the issue of expert witness fees. The SEC thus argues that

---

[1] Since one expert from each side had to travel to his deposition, there is parity to the agreement that each side the bear the expense of the travel of its own expert.

Defendants waived this claim. In support of its position, the SEC cites *National Treasury Employees Union v. IRS*, 735 F.2d 1277 (11th Cir. 1984), offering the following quotation: "As a matter of judicial efficiency, it may well be that the rule should prohibit an award of an attorney's fees for a consent decree that is silent on the point." *Id*. at 1279. This case and quotation are unpersuasive. First, the *National Treasury* court declined to impose such a rule, remanding the matter instead to the trial court for more fact finding. The Court also observed, contrary to the SEC's position: "The fact that no mention of fees was made in the settlement agreement would not, by itself, justify a denial of fees." *Id*. Second, *National Treasury* involved an award of attorney's fees to a prevailing party under the Equal Access to Justice Act ("EAJA"). Expert witness fees are mandatory, while attorney's fees under the EAJA are discretionary. In sum, *National Treasury* does not lead to the conclusion that Defendants' claim is barred.

Given the mandatory nature of Rule 26(b)(4)(E), Defendants reasonably expected that the SEC would pay their expert witness fees. Because the payment of fees was mandatory, and because the depositions had already taken place, that issue could have been resolved outside of mediation. Accordingly, I find that the fact that the parties did not discuss expert witness fees during mediation does not negate the SEC's obligation to pay those fees.

The SEC last argues that two of Defendants' experts were not qualified to render expert opinions, and they therefore should not be compensated for their time. This argument is unavailing. The SEC had the experts' reports and curriculum vitae on June 11, 2010. It

4

did not challenge the qualifications of the experts at that time, or later at or after the experts' depositions. I understand that the deadline for filing *Daubert* [2] motions fell after the September 28, 2010, mediation, and the SEC claims it would have filed a *Daubert* motion had the case not settled. The fact remains that the time has come and gone for this Court to make a *Daubert* determination, and I decline the SEC's invitation to now engage in a *Daubert* analysis without the benefit of a full hearing and briefing on the matter.

I return to the Rule: "[u]nless manifest injustice would result, the court must require that the party seeking discovery (i) pay the expert a reasonable fee for time spent in responding to discovery . . . ." Fed. R. Civ. P. 26(b)(4)(E). I find that an order compelling the SEC to pay Defendants' expert witness fees will not in manifest injustice to the SEC.

Finally, the SEC asks that if this Court grants the Defendants' motion, that I allow the SEC to submit evidence to the Court of the amount it paid its expert witness so that those fees may be deducted from the amount owed to Defendants. I decline to delay the resolution of this motion. The parties shall meet and confer regarding Defendants' reciprocal obligation to pay the SEC's expert witness fee. If Defendants do not make payment in accordance with Rule 26(b)(4)(E), the SEC may move the Court to compel payment.

---

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

## IV. CONCLUSION

For the reasons described above, it is ORDERED that

1. Defendant's Motion for Expert Witness Fees [DE 229] is GRANTED.

2. No later than 10 days from the date of this Order, the SEC shall pay $3,100.00 in expert witness fees as follows:

    a. For Jerry Perfect, $750.00;

    b. For John Cowling, $1,760.00;

    c. For Vern Cushenbery, $600.00.

DONE and ORDERED in chambers at Miami, Florida, this 3rd day of November, 2011.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: counsel of record